UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SCA HYGIENE PRODUCTS AKTIEBOLAG ("AB") AND SCA TISSUE NORTH AMERICA, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>NOVEX PRODUCTS, INC.,<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs SCA Hygiene Products Aktiebolag, also known as SCA Hygiene Products AB, and SCA Tissue North America, LLC (collectively, "SCA"), for their complaint against Novex Products, Inc. ("Novex"), hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of United States Patent 8,597,761 (the "'761 patent"), and United States Patent 9,320,372 (the "'372 patent"). This action arises under the patent laws of the United States, Title 35, United States Code.

**PARTIES**

2. Plaintiff SCA Hygiene Products AB ("SCA Hygiene") is a corporation organized and existing under the laws of Sweden and has its principal place of business at Mölndals bro 2, Mölndal, Sweden and its registered address at SE 405 03 Göteborg, Sweden.

3. Plaintiff SCA Tissue North America, LLC ("SCA Tissue") is a limited liability company organized and existing under the laws of Delaware and has its principal place of business at Cira Centre, Suite 2600, 2929 Arch Street, Philadelphia, Pennsylvania 19104.

4. SCA is a leader in the paper-goods industry and provides paper-based commercial products for dining, kitchen, washroom, and cleaning applications in healthcare, hotel, office, and food service markets. SCA manufactures tissue, towel, and napkin products that are sold to distributors who service office buildings, food service companies, hospitality companies, educational facilities, healthcare institutions, janitorial/sanitary companies, and the automotive industry. SCA is one of the three largest producers of Away-From-Home tissue products in North America. On information and belief, SCA's napkin products directly compete with Novex's Interfolded Dispenser Napkins line of products.

5. On information and belief, Defendant Novex is an Ohio corporation and has its principal place of business at 2707 Toledo Ave, Lorain, OH 44055.

## JURISDICTION AND VENUE

6. SCA incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

7. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code.

8. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Novex based on, *inter alia*, the business that Novex conducts or causes to be conducted in the State of Ohio related to its Interfolded Dispenser Napkins line of products, which are embodiments described in the '761 patent and the '372 patent. On information and belief, napkins from the Interfolded Dispenser Napkins line of products were made, used, or consumed within Ohio in the ordinary course of trade, or solicitation activities were carried on within Ohio by or on behalf of Novex.

10. Venue in this Court is proper under 28 U.S.C. §§ 1391(b) and 1400(b). Specifically, Novex resides in the Northern District of Ohio because it is incorporated in the State of Ohio and located in this district and Novex has committed acts of infringement in the Northern District of Ohio and has a regular and established facility in Lorain, Ohio.

## THE '761 PATENT

11. SCA incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

12. The U.S. Patent and Trademark Office duly issued the '761 patent, entitled "Stack of Interfolded Absorbent Sheet Products," on December 3, 2013. A true and correct copy of the '761 patent is attached as Exhibit 1.

13. On September 7, 2011, SCA Hygiene was assigned all right, title, and interest in United States Patent Application No. 12/915,939, which issued as the '761 patent, and remains the legal owner of the '761 patent.

14. SCA Tissue is the exclusive licensee of the '761 patent.

## THE '372 PATENT

15. SCA incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

16. The U.S. Patent and Trademark Office duly issued the '372 patent, entitled "Stack of Interfolded Absorbent Sheet Products," on April 26, 2016. United States Patent Application No. 14/056,586, which issued as the '372 patent, claims priority to United States Patent Application No. 12/915,939, which issued as the '761 patent, as a continuation thereof. A true and correct copy of the '372 patent is attached as Exhibit 2.

17. On September 7, 2011, SCA Hygiene was assigned all right, title, and interest in United States Patent Application No. 12/915,939, which issued as the '761 patent. The assignment to SCA Hygiene included the assignment of all continuing applications to United States Patent Application No. 12/915,939, including United States Patent Application No. 14/056,586, which issued as the '372 patent. SCA Hygiene remains the legal owner of the '372 patent.

18. SCA Tissue is the exclusive licensee of the '372 patent.

## COUNT 1: DIRECT INFRINGEMENT OF THE '761 PATENT

19. SCA incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

20. Novex has infringed, and continues to infringe, at least claims 1, 6, 12, 13, 15, and 17 of the '761 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing its Interfolded Dispenser Napkins line of products, which have product codes including N3000.

21. On information and belief, Novex produces additional napkins with technical details that are substantially similar in all material respects to the N3000 product. Exhibit 3, attached to the Complaint, compares the N3000 product to claims 1, 6, 12, 13, 15, and 17 of the '761 patent, but the comparison applies to each of the Novex Interfolded Dispenser Napkins products having similar technical details.

22. Novex's acts of infringement have caused damage to SCA, and SCA is entitled to recover from Novex damages sustained as a result of Novex's infringement of the '761 patent.

23. Novex's acts of infringement have caused, and will continue to cause, irreparable harm to SCA. Novex and SCA directly compete in the market for paper-based commercial products. Not only is SCA being forced to compete against products that infringe its own

patented inventions, but SCA is losing out, and will continue to lose out, on its investment in related products such as dispensers, sales of paper products that can be dispensed from the dispensers and related soaps and lotions. SCA's losses are further difficult to quantify, rendering legal damages inadequate. Because Novex's infringement has cost SCA market share and downstream sales and has forced SCA to compete against embodiments of its own patented invention, any hardship that an injunction would cause Novex pales in comparison to the hardships SCA will continue to suffer as a result of Novex's infringement. The public interest also favors an injunction to protect SCA's investment-based risk that resulted in patented innovation, namely the '761 patent, and to enforce the Patent Act's statutory right to exclude. Accordingly, the circumstances of Novex's infringement warrant an injunction barring Novex from further infringement of the '761 patent.

24. Novex's infringement warrants a finding that this is an exceptional case, entitling SCA to recover its attorney fees and expenses.

### COUNT 2: DIRECT INFRINGEMENT OF THE '372 PATENT

25. SCA incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

26. Novex has infringed, and continues to infringe, at least claims 1, 6, 12, 13, 15, and 17 of the '372 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing its Interfolded Dispenser Napkins line of products, which have product codes including N3000.

27. On information and belief, Novex produces additional napkins with technical details that are substantially similar in all material respects to the N3000 product. Exhibit 4, attached to the Complaint, compares the N3000 product to claims 1, 6, 12, 13, 15, and 17 of the

'372 patent, but the comparison applies to each of the Novex Interfolded Dispenser Napkins products having similar technical details.

28. Novex's acts of infringement have caused damage to SCA, and SCA is entitled to recover from Novex damages sustained as a result of Novex's infringement of the '372 patent.

29. Novex's acts of infringement have caused, and will continue to cause, irreparable harm to SCA.  Novex and SCA directly compete in the market for paper-based commercial products.  Not only is SCA being forced to compete against products that infringe its own patented inventions, but SCA is losing out, and will continue to lose out, on its investment in related products such as dispensers and on sales of paper products that can be dispensed from the dispensers.  SCA's losses are further difficult to quantify, rendering legal damages inadequate.  Because Novex's infringement has cost SCA market share and downstream sales and has forced SCA to compete against embodiments of its own patented invention, any hardship that an injunction would cause Novex pales in comparison to the hardships SCA will continue to suffer as a result of Novex's infringement.  The public interest also favors an injunction to protect SCA's investment-based risk that resulted in patented innovation, namely the '372 patent, and to enforce the Patent Act's statutory right to exclude.  Accordingly, the circumstances of Novex's infringement warrant an injunction barring Novex from further infringement of the '372 patent.

30. Novex's infringement warrants a finding that this is an exceptional case, entitling SCA to recover its attorney fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, SCA respectfully requests that the Court enter judgment in its favor, granting the following relief:

      A.      Entry of a judgment that Novex has infringed the '761 patent and the '372 patent under 35 U.S.C. § 271(a);

      B.      Entry of a preliminary and permanent injunction enjoining Novex and its officers, directors, employees, agents, consultants, contractors, suppliers, distributors, and all others acting in privity with Novex from further infringement of the '761 patent and the '372 patent;

      C.      Entry of a judgment that Novex's infringement of the '761 patent and the '372 patent has been and continues to be egregious and willful;

      D.      Entry of an award to SCA of damages adequate to compensate it for the infringement of the '761 patent and the '372 patent by Novex, in an amount to be proven at trial, together with pre-judgment and post-judgment interest and costs, as fixed by the Court;

      E.      Trebling the damages due to Novex's egregious and willful infringement under 35 U.S.C. § 284;

      F.      Entry of a finding that, with respect to Novex, this case has been exceptional and awarding to SCA its reasonable costs and attorney fees under 35 U.S.C. § 285;

      G.      Entry of an order for Novex to account to SCA for, and disgorge to SCA, all profits it has derived as a result of the unlawful acts complained of above;

      H.      Entry of judgment against Novex on all counts of this Complaint;

      I.      Entry of an award to SCA of its costs in this action; and

      J.      A grant to SCA of further relief that the Court sees as just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, SCA demands trial by jury in this action of all issues so triable.

Respectfully submitted this 23rd day of October, 2017.

                                                                       */s/ Kevin W. Kirsch*
                                                                       Kevin W. Kirsch
                                                                       kkirsch@bakerlaw.com
                                                                       David A. Mancino
                                                                       dmancino@bakerlaw.com
                                                                       Kevin P. Flynn
                                                                       kflynn@bakerlaw.com
                                                                       BAKER & HOSTETLER LLP
                                                                       312 Walnut Street, Suite 3200
                                                                       Cincinnati, Ohio 45202-4074
                                                                       Telephone:    (513) 929-3400
                                                                       Facsimile:     (513) 929-0303

                                                                       Jared A. Brandyberry
                                                                       jbrandyberry@bakerlaw.com
                                                                       BAKER & HOSTETLER LLP
                                                                       1801 California Street, Suite 4400
                                                                       Denver, Colorado 80202-2662
                                                                       Telephone:    (303) 764-4072
                                                                       Facsimile:     (303) 861-7805

                                                                       *Attorneys for Plaintiffs SCA Hygiene Products AB and SCA Tissue North America, LLC*